**MUIR v. UNITED STATES.**
No. L—183.

Court of Claims.
June 5, 1933.

**LITTLETON, Judge.**

Plaintiff contends that the assessment in 1924 of the tax upon the income of his wife for 1919 was void because there was no such person as "Mary Muir" in existence at the time the assessment was made; that the assessment was the same as if it had been made against a fictitious person; that collection thereof from plaintiff by credit was illegal; and that, since a legal assessment of the tax against plaintiff as executor of the estate of Mary Muir is barred by the statute of limitation, the amount of $157,680.46 of plaintiff's overpayment for 1919 retained and applied by the government in satisfaction of the additional tax due in respect of the income of Mary Muir for 1919 should be refunded.

We cannot sustain this claim. In the first place it is not necessary that a tax be assessed before it can be legally collected. If a tax is due and is collected without assessment it can not be recovered on that ground alone. In Meyersdale Fuel Co. v. United States, 44 F.(2d) 437, 446, 70 Ct. Cl. 765, it was said: "Taxes may be and often are collected without assessment, and this is recognized by section 273 of the Revenue Acts of 1924 and 1926 (26 USCA § 1047), but, in such a case, the tax, if legally due, cannot be recovered merely because it had not been formally assessed." The correctness of the tax of $157,680.46 in respect of the income of plaintiff's wife for 1919 is not questioned.

In the next place, plaintiff was the duly qualified and acting executor of the estate of his wife and was residuary legatee under her will. He received the letters showing the determination of the additional tax due upon his wife's income for 1919 and, also, the notices and demand issued by the collector. He and his attorneys thereupon wrote the Collector of Internal Revenue within the time within which the tax could be legally assessed and collected requesting and authorizing him to pay the tax due upon the income of Mary Muir for 1919 by retaining and applying in satisfaction thereof $157,680.46 of the overpayment allowed plaintiff in respect of his income tax for 1919. This was done by the official act of the Commissioner and the plaintiff was duly advised thereof. Although he had numerous dealings with the Commissioner's office between February 13, 1925, and August 12, 1927, with respect to the interest payable to him upon his overpayment for 1919, no attack was made upon the validity of the settlement and no question was raised with respect thereto until January 27, 1930, almost five years after the expiration of the

William J. Hughes, of Washington, D. C., for plaintiff.

Joseph H. Sheppard and W. W. Scott, of Washington, D. C., for defendant.

Before LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

statute of limitation within which assessment could be made against him as executor. In these circumstances plaintiff cannot now question the satisfaction of the additional tax due in respect of the income of his wife for 1919 in accordance with his specific request and authorization. Daube v. United States, 59 F.(2d) 842, 75 Ct. Cl. 633. In addition he is estopped by his own conduct to question the settlement made at his request.

It is also contended that the request and authorization of himself and his attorneys, authorizing the Commissioner to retain and apply a sufficient amount of the overpayment by him in respect of his tax for 1919 in satisfaction of the additional tax due in respect of the income of his wife for 1919, constituted a transfer or assignment of a claim which he had against the United States and such assignment was null and void under section 3477 of the Revised Statutes (31 USCA § 203), and that the amount of $157,680.46 of his 1919 overpayment so applied should therefore be refunded. In our opinion the provision of section 3477, R. S., has no application here. This section was intended to prevent frauds upon the Treasury of the United States in the payment of claims by the government and all transfers and assignments of any claim upon the United States or any order for receiving payment thereof by the transferee were declared void so that only the original claimant could prosecute the claim and receive payment, except in cases where the assignment was executed after the allowance of the claim, the ascertainment of the amount due, and the issuance of a warrant to the original claimant for payment thereof. In this case there was no probability that the United States could suffer injury in respect of the overpayment of the tax by plaintiff on his income for 1919. He did not assign his claim against the government to his overpayment of tax to some other person who might attempt to collect it from the government, but, on the contrary, he requested and authorized the government to retain a portion of the amount due him as an original claim, in payment and satisfaction of the amount of the tax due the government in respect of the income of his wife, Mary Muir, for 1919, for the payment of which under the law he was liable as executor of her estate at the time he made the request and gave the authorization.

Section 3477 of the Revised Statutes was enacted as a protective measure to the government in defending claims against it and was not intended, as it is here attempted to be applied, as an instrument for prosecuting a claim against the government for an amount to which the claimant is not otherwise entitled. The petition must be dismissed. It is so ordered.

BOOTH, C. J., did not hear this case on account of illness and took no part in its decision.