## MADEIRA EMBROIDERY CO. v. UNITED STATES.
### No. L—27.

Court of Claims.
Jan. 8, 1934.

William J. Hughes, Jr., and William E. Leahy, both of Washington, D. C., for plaintiff.

Frank J. Wideman, Asst. Atty. Gen. (Joseph H. Sheppard and Elizabeth B. Davis, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The entire capital stock of the plaintiff corporation during the fiscal period involved was owned by the partnership of Campbell, Metzger & Jacobson. The plaintiff and the partnership each filed an income tax return for the fiscal year ending November 30, 1917; and paid the amount of taxes shown thereon. By proper waiver the statutory period for the assessment and collection of the partnership tax for the year 1917 was extended to April 1, 1924.

On December 1, 1923, the Commissioner notified the partnership that on the basis of a consolidated return there was an overpayment of $35,498.54 in favor of the plaintiff, and an additional tax of $23,844.48 due from the partnership. The additional tax due from the partnership was assessed on the January, 1924, assessment list, and notice and demand was issued by the Collector on January 21, 1924, for the amount of the assessment.

On January 5, 1924, the Commissioner certified a schedule of overassessments to the Collector, showing an overassessment in favor of the plaintiff of $35,498.54 for the fiscal year ended November 30, 1917. This was certified back to the Commissioner by the Collector January 19, 1924, showing that the entire amount was an overpayment and refundable to the plaintiff. The schedule of refunds and credits was signed on February 2, 1924, authorizing the disbursing clerk to make the refund to the plaintiff. In the meantime, after the receipt of notice and demand on January 21, 1924, for the payment of the additional assessment against the partnership, the said partnership on January 24, and again on January 31, 1924, by letter and telegram, requested the Commissioner to credit the tax due from it against the overpayment of the plaintiff corporation and thus relieve the partnership from paying the tax. Before receiving any reply from the Commissioner, the partnership on January 31, 1924, paid the entire additional assessment by check.

The Commissioner had, however, on January 30th, authorized the collector to comply with the plaintiff's request, and upon being advised by telegram of the Commissioner's action, the partnership secured the return of its check.

The Collector prepared a notice of refund, addressed to the plaintiff, in which the amount refundable was shown to be $11,654.06, together with interest thereon, with the explanation that "you were overassessed $35,498.54, of which $23,844.48 was credited to Washington, January 1924, list." The said notice of refund was in the nature of a supplemental or substituted refund and credit schedule. This was submitted to the Commissioner on April 30, 1924, and on June 15, the Commissioner approved a "Schedule of Refunds," including this amount. On July 8th a check was issued to the plaintiff in payment, accompanied by the "Notice of Refund" above referred to.

The plaintiff in a letter of April 11, 1924, a telegram of May 7, 1924, and a letter of June 2, 1924, referred to the credit which had been made at its request and made inquiries concerning the payment of the remaining $11,654.06.

The plaintiff bases its right to recover on the contention that the credit of $23,844.48 made against the additional taxes of the partnership was either (1) never made, or (2), if such credit was made, it was made subsequent to the running of the statute of limitations and was void. It is argued that the authorization of the plaintiff that the additional tax due from the partnership be credited against an overpayment of the plaintiff was conditional upon such credit being made within the statutory period for the collection of the taxes and that, if the credit was never made, or not made within the time in which the additional tax was legally collectible, plaintiff is entitled to recover the full amount of the overassessment.

This court, upon substantially the same facts as those of the instant case, has decided adversely to plaintiff's contentions. Ralston Purina Co. v. United States, 75 Ct. Cl. 525, 58 F.(2d) 1065; John Muir v. United States (Ct. Cl.) 3 F. Supp. 619; David Daube v. United States, 75 Ct. Cl. 633, 59 F.(2d) 842, 1 F. Supp. 771, affirmed 289 U. S. 367, 53 S. Ct. 597, 77 L. Ed. 1261. The taxes involved were assessed by the Commissioner within the

statutory period, and notice and demand was issued to the partnership more than two months before the expiration of the statute on their collection. But for the action of the plaintiff, the taxes would have been paid within the period in which they were legally collectible and this controversy would not have arisen. Upon receipt of notice and demand for payment of the taxes the partnership, on January 24, 1924, wired the Commissioner: "Collector of internal revenue has made a demand for additional tax. Our subsidiary Madeira Embroidery Company, has large credit to more than offset it. Please see our letter to you dated January twenty-fourth. Cannot you authorize using this credit instead of requiring us to pay this large amount when the Government is in our debt for a larger amount." On January 31, 1924, plaintiff and the partnership wired the Commissioner jointly, saying: "Awaiting reply our telegram and letter of January twenty-four, please wire immediate reply our expense; time limit expires today." On January 30, 1924, the Deputy Commissioner wired the Collector to comply with the partnership's request. Upon receipt of this wire the Collector returned to the partnership its check which had been paid before the Commissioner's assent to plaintiff's request had been received. The Commissioner thereafter, as set out in the findings, deducted the amount of the additional assessment against the partnership, $23,844.48, from the plaintiff's overassessment and refunded the balance, $11,654.06 to plaintiff. This action was in strict accordance with the specific request of the plaintiff.

It is entirely immaterial so far as the plaintiff is concerned whether the credit of $23,844.48 was made within the period in which the additional taxes against the partnership were legally collectible or whether it was made after the running of the statute. The credit was made in accordance with plaintiff's agreement (Daube v. United States, supra), entered into within the period in which the additional taxes were legally collectible. There is no merit in the contention that plaintiff's authorization for the credit was conditioned on the credit being made, in a legal sense, within the time in which the additional taxes could be legally collected. The plaintiff was not then interested in that matter. What it wanted to know was, "Can you authorize using this credit instead of requiring us to pay this large amount when the Government is in our debt for a larger amount?" The Commissioner apparently regarded the request as a reasonable one, as he granted it, and the plaintiff was relieved from paying the "large amount" of the additional tax it admittedly owed the government, and which the government, at the time the request was made, had the legal right to collect and would have collected had not the request for credit been granted by the Commissioner. In these circumstances the plaintiff, under the authorities cited, is estopped from asserting a claim for the amount of the credit.

The petition will be dismissed. It is so ordered.