**DORRANCE et al. v. PHILLIPS, Collector of Internal Revenue.**

**No. 2357.**

District Court, M. D. Pennsylvania.

Dec. 29, 1934.

Ralph W. Rymer, and W. J. Fitzgerald, both of Scranton, Pa., for plaintiff.

Frank J. McDonnell, U. S. Atty., of Scranton, Pa., Robert H. Jackson, Asst. Gen. Counsel, Bureau of Internal Revenue, and D. A. Taylor, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for defendant.

JOHNSON, District Judge.

This is an action by the receivers of the Temple Coal Company against the collector of internal revenue seeking the recovery of taxes for the years 1921 and 1923 alleged to have been erroneously retained by the collector in satisfaction of the tax liability of the Lackawanna Coal Company for said years.

On March 14, 1922, and March 15, 1924, the Temple Coal Company filed consolidated income tax returns on forms 1120 on behalf of itself, the Mount Lookout Coal Company, and the Lackawanna Coal Company for the years 1921 and 1923, respectively. Neither return disclosed information on the separate income of the several companies: The consolidated return for the year 1921 disclosed a total tax due in the amount of $95,928.34, which was paid in 1922 by the Temple Coal Company out of its own funds. The consolidated return for the year 1923 disclosed a total tax due in the amount of $149,627.21, which was paid in 1924 by the Temple Coal Company out of its own funds.

The Commissioner of Internal Revenue later ruled that the Temple Coal Company and the Mount Lookout Coal Company were affiliated for the years involved, but that the Lackawanna Coal Company was not affiliated with the group, and that the tax of the Lackawanna Coal Company should be determined separately.

In January, 1926, waivers were filed on behalf of the Temple Coal Company and the Lackawanna Coal Company, and the time for assessment and collection of their respective taxes was finally extended to December 21, 1927.

On March 13, 1926, the Temple Coal Company filed a claim for a refund in the amount of $95,928.34 for 1921 taxes "for the reason that a redetermination of the liability for the years 1917 to 1920 has been made resulting in a changed basis for invested capital, depletion, depreciation and inventories which will operate to reduce the liability for the year 1921. * * *"

On March 10, 1927, the Temple Coal Company filed with the collector a claim for refund in the amount of $149,627.21 for 1923 taxes, and assigned the following reasons therefore: "1. For the reasons set forth in the Revenue Agent's Report of Examination dated February 24, 1927, showing an overassessment for this period of $21,980.42." "2. For the reason that adjustments in prior years for depletion, depreciation, capital accounts, etc., require a revision of the original return filed." "3. For the reason that the necessary adjustment for the years 1921 and 1922 may produce 'net losses' applicable to the year 1923." "4. For the reason that this claim is required for the protection of the interests of the tax payer as provided in section 284 of the Revenue Act of 1926 [26 USCA § 1065 and note]."

The final determinations of the taxes were shown in a certificate of overassessment for each of the said years, which were allowed on a schedule signed by the Commissioner on January 4, 1928. The certificate of overassessment for 1921 allowed a refund of $34,255.16, with interest of $10,861.55, and the certificate of overassessment of 1923 al-

lowed a refund of $3,945.90, with interest of $723.23, which amounts were paid to the Temple Coal Company. The said certificates evidenced action on the claims for refund and a partial disallowance thereof. The said certificates showed $5,466.58 and $24,-877.04 as the tax of the Lackawanna Coal Company for the years 1921 and 1923, respectively, which amounts were less than the tax of the Lackawanna Coal Company originally reported and paid. These amounts were allocated to the Lackawanna Coal Company's tax out of the tax reported, assessed and paid on the basis of the consolidated return. No assessment was made against the Lackawanna Coal Company for this tax.

In November, 1929, this suit was brought by the Temple Coal Company, now in receivership, to recover the sum of $5,466.58 and $24,877.04, with interest, for the reason that, since the Lackawanna Coal Company was eliminated from the aforesaid affiliation and a separate determination of tax liability was made against it, it became the duty of the defendant and the collector of internal revenue to make a separate assessment against the Lackawanna Coal Company for the years 1921 and 1923, and collect the tax directly from it, and that the deduction of the amount allocated to the Lackawanna Coal Company from the refunds to the Temple Coal Company was improper.

Section 240(b) of the Revenue Act of 1926 (26 USCA § 993(b)), under which the consolidated returns in question were filed, provides as follows: "In any case in which a tax is assessed upon the basis of a consolidated return, the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each. * * * *"

The regulations of the Treasury Department provide that a consolidated return shall among other things show the name and address of each subsidiary and a schedule showing the proportionate amount of the total which it is agreed among them is to be assessed upon each affiliated corporation. The regulations further provide that each subsidiary shall file form 1122, which states in part:

"8. The department prefers that the entire tax shown on a consolidated return be paid by the parent or principal reporting corporation, instead of being apportioned among the corporations composing the affiliated group.

"If apportionment is made, state the amount of the income tax for the taxable period to be assessed against the subsidiary or affiliated corporation making the return ——— $———."

The consolidated returns filed by the Temple Coal Company did not contain any of the above information; nor was there sufficient information therein to determine the proper amount of the consolidated income properly assignable to the subsidiaries; neither was form 1122 filed by the subsidiaries.

The evidence discloses that 80 per cent. of the stock of the Lackawanna Coal Company was owned by the Temple Coal Company during the years in question, and that during the same period the officers and directors of the said companies were practically the same and the offices were at the same address. The only income tax returns for the two companies were filed by the Temple Coal Company, and the taxes of the said two companies were paid by the Temple Coal Company out of its own funds without contribution by the Lackawanna Coal Company. These payments were intended to cover the tax on the Lackawanna Coal Company's income. The officers who made the returns and paid the tax were officers of both companies. On August 1, 1928, Norman R. Brown, who was treasurer of the Temple Coal Company at that time, wrote a letter to the Commissioner of Internal Revenue concerning the 1921 and 1923 taxes in question, which letter, in part, is as follows: "In accordance with the arrangements between this company and its subsidiaries the total tax for each of the said years was assessed against and paid by the Temple Coal Company without apportionment to the several companies, the entire liability having been assumed by the Temple Coal Company as the parent company." In a later letter of January 7, 1929, addressed to the deputy commissioner by the said Norman R. Brown, it was denied that there was any sort of an agreement between the Temple Coal Company and its subsidiaries. However, a consideration of the entire evidence in the light of the surrounding circumstances leads this court to the conclusion that the Temple Coal Company assumed and paid the 1921 and 1923 taxes of the Lackawanna Coal Company and the Commissioner was so advised by the said letter dated August 1, 1928. Freeport Texas Co. v. Bowers (D. C.) 6 F. Supp. 423; In re Temtor Corn

& Fruit Products Co. (D. C.) 299 F. 326, page 329. Accordingly, the Commissioner properly assessed the taxes against the corporation which assumed the payment of the taxes. It was not necessary, under such circumstances, to assess the Lackawanna Coal Company.

The Temple Coal Company, having voluntarily agreed to assume and pay a tax which the law did not compel it to pay, cannot invoke the aid of the courts to get its money back. Wourdack v. Backer, Collector of Internal Revenue (C. C. A.) 55 F.(2d) 840; Clift & Goodrich, Inc., v. United States (C. C. A.) 56 F.(2d) 751.

The plaintiffs contend that the Commissioner should have made an assessment against the Lackawanna Coal Company. In Appeal of Mather Paper Co., 3 B. T. A. 1, a case whose facts are similar in many respects to the case at bar, it was held that the failure to assess the subsidiary, which was ruled to be nonaffiliated, was a ministerial error subject to correction at any time. In the Mather Paper Co. Case; contribution of its share of taxes to the parent was made by the subsidiary, while in this case the taxes of the subsidiary were assumed and paid by the parent. Taxes may be and often are collected without assessment. Meyersdale Fuel Company v. United States (Ct. Cl.) 44 F.(2d) 437, and cannot be recovered solely because it was not assessed, Muir v. U. S. (Ct. Cl.) 3 F. Supp. 619.

And now, December 29, 1934, upon due consideration, judgment is directed to be entered for the defendant.