**H. A. CAESAR & CO. et al. v. UNITED STATES.**

**L—80.**

Court of Claims.

June 3, 1935.

# 142

William E. Leahy and William J. Hughes, Jr., both of Washington, D. C., for plaintiff.

J. W. Hussey, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and WILLIAMS, WHALEY, LITTLETON, and GREEN, Judges.

WILLIAMS, Judge.

The plaintiff, a partnership, composed of Henry A. Caesar, Harry I. Caesar, and Charles Brodmerkel, Jr., duly filed its partnership income and profits tax returns for the fiscal year ended November 30, 1917, and paid the taxes shown to be due thereon. In the returns no deductions were claimed or made for salaries. On June 11, 1923, the two surviving partners filed a claim for refund for the year 1917 on behalf of the partnership for deductions to cover partners' salaries for the year. The Commissioner of Internal Revenue allowed the deductions claimed and determined an overassessment in favor of the partnership in the amount of $72,857.-23, which amount was duly scheduled by the Commissioner as an overassessment on March 15, 1924. On March 14, 1924, deficiencies were assessed against the individual partners for the year 1917 based on the additional income to them as individuals by reason of the salaries drawn from the partnership, as follows: $26,474.54 against Henry A. Caesar, $5,968.09 against Harry I. Caesar, and $5,969.59 against Charles Brodmerkel, Jr.

It is conceded that the statute of limitations in respect to both the assessment and collection of the deficiency assessments against the partners expired on April 1, 1924, under the provisions of valid waivers on file.

On March 21, 1924, Henry A. Caesar and Harry I. Caesar filed a document under oath in which they stated:

"We do hereby severally consent that the amount of the additional tax assessed or to be assessed against us shall be satisfied and set off against the amount of the overassessment directed to the partnership of H. A. Caesar & Company."

The document also showed that Charles Brodmerkel, Jr., had died during 1919 and that his executor would submit a similar consent. On March 31, 1924, Adolph Brodmerkel filed with the Bureau of Internal Revenue a sworn statement as follows:

"I, as executor of the estate of Charles Brodmerkel, Jr., do hereby authorize and permit you to apply the partnership overassessment of H. A. Caesar & Co. to additional assessment for same period to Henry A. Caesar, Harry I. Caesar, Charles Brodmerkel, Jr., in the amounts, respectively, of $26,474.54, $5,968.09, and $5,-969.59."

On April 26, 1924, the Commissioner of Internal Revenue signed a schedule of refunds and credits on which the overassessment of $72,857.23 was shown to have been applied as follows: Credit to Henry A. Caesar in satisfaction of additional assessment for 1917, $26,474.54; credit to Harry I. Caesar in satisfaction of additional assessment for 1917, $5,968.09; and credit to Charles Brodmerkel, Jr., in satisfaction of additional assessment for 1917, $5,969.59. The balance of the assessment was shown on the schedule to be refundable, and the amount thereof was duly refunded to the partnership, with interest.

The plaintiff contends that the written consent of the individual partners that the amount of the assessments against them as individuals should be satisfied out of the amount of the overassessment granted to the partnership did not operate to extend the statute of limitations for the collection of such taxes beyond the period in which they were legally collectible, to wit, April 1, 1924; that since the actual application of the overassessment in favor of the partnership against the individual taxes of the partners was not accomplished until the Commissioner signed the schedules of refunds and credits on April 26, 1924, the collections were made out of time and the amounts thereof are refundable to plaintiff.

This precise question has been considered by the court in numerous cases and has been decided adversely to the plaintiff's contention. Naumkeag Steam Cotton Co. v. United States, 2 F. Supp. 126, 76 Ct. Cl. 687, certiorari denied 289 U. S. 749, 53 S. Ct. 694, 77 L. Ed. 1495; David Daube v. United States, 59 F.(2d) 842, 1 F. Supp. 771, 75 Ct. Cl. 633, affirmed 289 U. S. 367, 53 S. Ct. 597, 77 L. Ed. 1261; R. H. Stearns Co. v. United States, 2 F. Supp. 773, 77 Ct. Cl. 264, affirmed 291 U. S. 54, 54 S. Ct. 325, 78 L. Ed. 647; Madeira Embroidery Co. v. United States, 5 F. Supp. 420, 78 Ct. Cl. 637.

The deficiency assessments against the individual partners were timely made. Within the period within which they were legally collectible the partnership, acting through the two surviving partners and the executor of the deceased partner, filed with the Bureau formal written consent that the partnership's scheduled overassessment be applied to the payment of the additional assessments against the individual partners. Except for this written consent, which amounted to a request, the Commissioner would no doubt have enforced collection within the period in which it could legally have been done. He acted, however, in strict accordance with the request and applied so much of plaintiff's overpayment as was necessary to liquidate the taxes due from individual partners and refunded the balance to the plaintiff. In these circumstances it is entirely immaterial, so far as the plaintiff is concerned, whether the credits were made within the period in which the additional taxes against the individual partners were legally collectible or whether they were made after the running of the statute. The plaintiff by its own action is equitably estopped from now asserting a claim for the amount of such credits. The petition, therefore, must be dismissed.

It is so ordered.