16789

UNITED STATES v. SCOVIL

(78 S. E. (2d) 277)

*Messrs. H. Brian Holland, Assistant Attorney General, Ellis N. Slack, A. F. Prescott, Carolyn R. Just, Special Assistants to the Attorney General,* all of Washington, D. C., and Greenville, S. C. *for Appellant,*

234

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Respondent,*

October 26, 1953.

TAYLOR, Justice.

As the result of an action filed in the Court of Common Pleas in the County of Greenville, State of South Carolina, by the Roy Bass Motor Company, Greenville, South Carolina, a receiver was appointed by the Court on April 8, 1952, to take charge of the business operated by the defendant and all of its assets. The receiver took charge of said assets as of the day of his appointment and retained possession of the premises in which said business was operated until May 15, 1952.

In due time, various creditors filed claims with the receiver, one of said creditors being Roger P. Scovil, owner of the premises occupied by the insolvent corporation. The insolvent corporation was in possession of the premises under a written lease with the Landlord, Roger P. Scovil, said lease being dated October 12, 1949, and being for the full

term, five years thereafter, and under the terms of said lease, the Lessee was to pay rental on the basis of $250.00 per month, payable in advance on the first day of each successive month. The rent for the months of February, March and April, 1952, being in arrears and unpaid, the Landlord, on the 7th day of April, 1952, distressed upon all assets of said corporation for the rent then in arrears and, upon filing his claim, the Landlord took the position that said claim constituted a prior lien on the assets of the insolvent corporation by reason of the distress levied against the assets of said corporation for the past due rent.

The United States of America, appellant herein, likewise filed a claim with the receiver which consisted of the following tax items:

(1) Income tax due by the insolvent corporation in the amount of $441.96, the assessment list therefor being received by the Collector of Internal Revenue, Dec. 14, 1950, and filed in the R. M. C. Office for Greenville County on April 2, 1951.

(2) Payroll taxes in the amount of $2,895.33, assessment list being received by the Collector on March 19, 1951, May 24, 1951, August 29, 1951, December 3, 1951, February 23, 1952 and February 28, 1952, all of which were filed in the R. M. C. Office for Greenville County on April 10, 1952. Included in the claim for payroll taxes is an item of $653.77 in connection with which the date of receipt of· assessment list by the collector was unavailable.

The Master before whom these claims were to be proven, filed his report sustaining the claim of the Landlord as a prior lien, to which report the United States of America filed exceptions. Said exceptions were heard by the Honorable G. Badger Baker, Presiding Judge, Thirteenth Judicial Circuit, who on January 15, 1953, filed an Order holding that the claim of the Landlord had priority over the taxes due the United States of America with the exception of the item of income taxes in the amount of $441.96 referred to as Item (1) above.

The sole question raised by this appeal is as to priority between the Landlord's lien for rent and the lien of the United States of America for taxes due by the insolvent corporation.

There is no question in this case of distress having been perfected prior to the appointment of the receiver; therefore, the lien was perfected as of that time and the amount specified in such distress was not available to the receiver to pay other debts of the insolvent debtor. 31 U. S. C. A. § 191 gives the U. S. Government claim no priority over this lien as the distress, hence the lien, was perfected April 7, 1952, before the appointment of the receiver on April 8, 1952. The Government could have no greater right in the property in the hands of the receiver than the insolvent. *United States v. Yates,* Tex. Civ. App. 1947, 204 S. W. (2d) 399; *Karno-Smith Co. v. Maloney,* Collector of Internal Revenue, 3 Cir., 112 F. (2d) 690; *Thelusson v. Smith,* 2 Wheat. 396, 4 L. Ed. 271; *People of New York v. United States,* 3 Cir., 106 F. (2d) 210; *In re, Holmes Mfg. Co.,* D. C. Conn., 19 F. (2d) 239.

Section 26 U. S. C. A. § 3672 provides that such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector, which in this case means the Register of Mesne Conveyances. Section 65-2722 of the South Carolina Code for 1952.

The Government's tax lien under this section is of force against a Landlord's lien which has been perfected only from the date of recording of such tax lien and, therefore, not effective in the case at bar.

We are of the opinion that all exceptions should be dismissed, the judgment appealed from affirmed and it is so ordered.

BAKER, C. J., and STUKES and OXNER, JJ., concur.

FISHBURNE, J., not participating.