**UNITED STATES**

v.

**ALBERT HOLMAN LUMBER CO. et al.**

**No. 14310.**

United States Court of Appeals
Fifth Circuit.

Nov. 10, 1953.

Charles S. Lyon, Acting Asst. Atty. Gen., H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to Atty. Gen., Fred E. Youngman, Asst. Atty. Gen., A. F. Prescott, Asst. Atty. Gen., Harvey M. Spear, Asst. Atty. Gen., John D. Hill, U. S. Atty., W. R. Bradford, Asst. U. S. Atty., Birmingham, Ala., for appellant.

Henry Holman Mize and Joseph G. Burns, Tuscaloosa, Ala., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

BORAH, Circuit Judge.

The petition for rehearing by the appellant claims that our opinion in the above entitled cause misquoted the opinion of the Supreme Court in United States v. Gilbert Associates, 345 U.S. 361, 73 S.Ct. 701, and to the extent that our decision is based on the erroneous quotation it is contrary to law and cannot be supported. It is accordingly argued that our decision is not only erroneous in this particular but that there is no authority for holding contrary to United States v. Security Trust & Sav. Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53, that the materialmen's liens here involved are entitled to priority over the tax liens of the United States, under the doctrine of first in time, prior in right. These and the other contentions of appellant have received our careful consideration.

In our opinion of August 25, 1953, we quoted from United States v. Gilbert Associates, supra, the following sentence, "Without more, priority would depend upon the dates the liens arose." This sentence precisely as quoted appeared in the Supreme Court's published opinion which was released on April 6, 1953, and

was thus reported in 21 United States Law Week p. 4275 and other legal services. We now find that the above quoted sentence together with the sentence which immediately preceded it have been deleted from the Supreme Court's previously published opinion by authority of the Court. Accordingly, and to meet this change, it is ordered that the opinion heretofore filed in the instant case be amended by deleting from the paragraph beginning at the bottom of page nine of the slip opinion [206 F.2d 689] these words:

"The court in speaking of the priority rights of the respective general lien claimants said that 'Without more, priority would depend upon the dates the liens *arose*.' (Emphasis supplied.)"

As to appellant's second point we do not at all agree that the Security Bank case is an authority here. The question there presented was whether a federal tax lien was prior in right to an attachment lien on property in California obtained under the California Code of Civil Procedure, where the attaching creditor had "merely a *lis pendens* notice that a right to perfect a lien exists" [340 U.S. 47, 71 S.Ct. 113] at the time when the tax liens of the United States were recorded. In that case the state court itself described the lien as inchoate and the Supreme Court accepted this classification as practically conclusive. In that sort of a situation the attachment lien is contingent, and the federal tax lien is not defeated by a contingent, inchoate lien prior in time. In the instant case a different situation is presented in that the Government here claims that its general tax lien is entitled to priority over appellees' materialmen's liens which were specific and perfected under Alabama law long before the federal lien arose. If then we are right in concluding as we do that the Security Bank case is not an authority here it can hardly be said that there is no authority for holding that the materialmen's liens here involved are entitled to priority over the tax liens of the United States, under the doctrine of first in time, prior in right. The following are but some of the many cases which recognize this universal principle. Rankin v. Scott, 12 Wheat. 177, 179, 6 L.Ed. 592; Howard v. Milwaukee & S. P. Railway Co., 101 U.S. 837, 25 L.Ed. 1081; United States v. City of Greenville, 4 Cir., 118 F.2d 943; Sunnyland Wholesale Furniture Co. v. Liverpool & London, etc., D.C., 107 F.Supp. 405.

It is ordered that the petition for rehearing should be, and the same is hereby,

Denied.