**COMBINED INDUSTRIES, Inc., v. UNITED STATES.**

No. 42822.

Court of Claims.

June 1, 1936.

N. Norman Mayer, of Washington, D. C., for plaintiff.

G. W. Billings, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

It is clear from the facts in this case that the plaintiff is not entitled to recover. See Mahoning Investment Co. v. United States, 3 F.Supp. 622, 78 Ct.Cl. 231; Wilson & Co., Inc., v. United States, 15 F. Supp. 332, 82 Ct.Cl. ——, decided January 6, 1936.

Plaintiff had no taxable income for 1923, but, on the contrary, it had a loss. In the consolidated return which the plaintiff filed for itself and the Parker Sheet Metal Works for 1923 plaintiff deducted its loss of $2,476.33 from the net income of $17,495.45 of the Parker Sheet Metal Works and remitted to the collector the resulting tax of $1,627.39 shown on this consolidated return. It is clear from these facts that, if plaintiff paid this tax out of its own funds, it knew that it owed no tax for 1923 and that it was paying the tax due on the income of the Parker Sheet Metal Works for that year.

The facts fail to show that plaintiff did not assume the tax liability of the Parker Sheet Metal Works, and they also fail to show that plaintiff was not reimbursed for the amount which it remitted to the collector, or that the Parker Sheet Metal Works did not agree to reimburse it. The tax paid by plaintiff, and more, was due from the Parker Sheet Metal Works, and plaintiff knew when he paid the amount

sought to be recovered that it was paying the tax of the Parker Sheet Metal Works. In these circumstances, it must be held that plaintiff assumed such tax. Wilson & Co., Inc., v. United States, supra. Moreover, one who in due course knowingly and voluntarily pays to the government a tax of another, when the person for whom such tax was paid owed the amount remitted, cannot recover the amount paid on the sole ground[1] that he had no income and owed no tax for the year for which such payment was made. The consolidated return prepared by plaintiff showed upon its face that the tax computed thereon was the tax of the Parker Sheet Metal Works, and the fact that the amount thereof was assessed in the name of plaintiff is not controlling. The manner in which the tax was assessed does not alone justify a refund. Mahoning Investment Co. v. United States, supra; Muir v. United States, 3 F. Supp. 619, 78 Ct.Cl. 150.

Although the Commissioner went through the process of allowing an overpayment of $1,627.39 in favor of plaintiff and withholding the amount and applying it in partial satisfaction of the tax due by the Parker Sheet Metal Works for 1923, this was not necessary. But in the circumstances of this case he was correct in doing this. Under the facts, he could legally have held the amount without formally assessing it against the Parker Sheet Metal Works or without allowing the amount as an overassessment against plaintiff.

The petition is dismissed, and it is so ordered.