**BLUE JAY LUMBER CO. et al. v.
UNITED STATES.**

No. 42909.

Court of Claims.
May 29, 1939.

Frederick L. Pearce, of Washington, D. C. (Morris, KixMiller & Baar, of Washington, D. C., on the brief), for plaintiffs.

Daniel F. Hickey, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The controlling facts in this case are simple, but a detailed explanation of all that occurred between the Commissioner of Internal Revenue and the Blue Jay Lumber Company is somewhat confusing by reason of the fact that the Commissioner in June, 1923, erroneously assessed the tax due and paid by Blue Jay in the name of a subsidiary corporation known as the Del Rio Lumber Company, which had no taxable income and paid no tax for 1922.

The pertinent facts are that on March 15, 1923, Blue Jay, the parent corporation of an affiliated group, filed a tentative consolidated return for 1922, at which time it paid an estimated first installment of tax of $1,562.50. The Del Rio Company, one of the plaintiffs herein, and three other affiliated corporations were included in this return as subsidiaries of Blue Jay. Under an extension of time duly obtained, Blue Jay Lumber Company on June 15, 1923, filed a complete and final consolidated return for 1922 showing a total tax of $6,628.65 and, on that date, Blue Jay, by its check, paid the collector $1,750.42, plus interest of $1.42 on a portion of the amount of the first installment which had not been paid on March 15, 1923. The balance of $3,315.74, plus interest of $24.86 overdue on the third and fourth installments, was paid by Blue Jay December 24, 1923. Inadvertently the name of Del Rio was entered on the final consolidated return ahead of the name of Blue Jay, the parent corporation. Although the collector knew that Blue Jay was the parent corporation and that it had paid the total tax, he prepared an erroneous assessment list which he sent to the Commissioner listing the entire tax due and paid by Blue Jay in the name of Del Rio, a subsidiary, which had a loss rather than a net income and had paid no tax. This assessment list erroneously prepared by the collector in the name of Del Rio was thereafter signed by the Commissioner. But the Bureau of Internal Revenue knew, as shown by the letter of March 14, 1927, that Blue Jay was the parent corporation.

April 13, 1927, Blue Jay, which had paid the tax, filed a claim for refund on the ground indicated in a letter from the Commissioner of Internal Revenue showing an overassessment of $3,805.91 for 1922. The claim so filed on the basis of the Commissioner's letter of March 14, 1927, was for $3,805.91 and "such greater amount as might be legally refundable." Thereafter, on July 1, 1927, the Commissioner, by the assistant to the Commissioner, notwithstanding the fact that Blue Jay had paid the tax and that it was then known to be the parent corporation of the consolidated group, rejected this claim filed by Blue Jay on the erroneous ground that, the assessment having been made in the name of Del Rio, the overassessment and refund would have to be made to Del Rio; this, of course, was not correct, since Del Rio was not a taxpayer and had paid no tax. But the Commissioner's office proceeded, and on October 4, 1927, it prepared and sent to the collector a schedule of overassessment for 1922 in the amount of $3,315.74 in the name of Del Rio. On November 3, 1927, Blue Jay filed a second claim for refund for 1922 for $6,877.23, the total tax and interest paid, on the ground that losses for 1921 exceeded the net income for 1922. In the meantime the Commissioner had transmitted to the collector the schedule of overassessment in the name of Del Rio for $3,315.74 of the tax due and paid by Blue Jay for 1922. The collector appears to have returned the schedule showing the overassessment as an overpayment. About December 22, 1928, before a refund check for $3,315.74 and a certificate of overassessment prepared in the name of Del Rio were delivered, the collector and the Commissioner discovered that the Blue Jay Lumber Company, who had paid the entire tax of $6,628.65 and interest of $26.28 for 1922, owed an additional tax for 1920. Thereupon, the collector returned the Treasury check to the Commissioner and the amount thereof was returned to the Treasurer and covered into the appropriation in the Treasury out of which it had been drawn. Thereafter, on January 26 and February 8, 1929, the overpayment theretofore scheduled to Del

Rio was relisted on a supplemental schedule to the collector and credited, by that official under instructions, to the outstanding unpaid tax of Blue Jay for 1920. The collector on January 30 and February 12, 1929, returned to the Commissioner his certificates that he had credited such overpayment for 1922 against the tax of Blue Jay for 1920. By this action the Commissioner in fact and in law reopened and reconsidered the claim for refund filed by Blue Jay on April 13, 1927, and the credit of the overpayment against the tax of the Blue Jay Lumber Company for 1920 at that time was made and authorized for the reason that Blue Jay was the taxpayer, had actually paid the tax for 1922, and had filed a timely refund claim. The credit of the $3,315.74 of the tax overpaid by Blue Jay for 1922 against the tax due by that company for 1920 was made more than five years after the amount had been paid, and the only authority by which the Commissioner could make the credit was to reopen the refund claim theretofore filed by Blue Jay on April 13, 1927. This reopening also rendered effective the second claim filed by that company on November 3, 1927. This action of January 26, 1929, also operated to reverse and vacate the previous conclusion of the Commissioner in his letter of December 22, 1928, finding 5, and his rejection on January 18, 1929, pursuant to that letter, of the refund claim of November 3, 1927.

In his audit and determination thereafter made on September 28, 1929, which was mailed to and received by Blue Jay through its attorney in fact, the Commissioner rendered an account stated with respect to the tax of Blue Jay for 1922 showing a balance of tax due, against which there were no offsets or credits, of $3,312.91. On January 26, 1929, prior to the determination and rendition of this statement of account to plaintiff, the claim for refund previously filed by Blue Jay had been reopened by the Commissioner and was still open at the time the account was stated and rendered on September 28, 1929. This suit was instituted within six years thereafter. But plaintiff can recover only $1,776.69 of the total balance shown to be due by the statement of account for the reason that the remainder of the balance shown due was paid on March 15, 1923, more than four years prior to the filing of the claim for refund on April 13, 1927. Plaintiff is therefore entitled to recover. Toland v. Sprague, 12 Pet. 300, 335, 9 L.Ed. 1093; Shipley Construction & Supply Co. v. United States, 7 F.Supp. 492, 79 Ct.Cl. 736–743; Goodenough v. United States, 19 F.Supp. 254, 85 Ct.Cl. 258; Clifton Mfg. Co. v. United States, 19 F.Supp. 723, 85 Ct.Cl. 525.

Judgment will be entered in favor of plaintiff, the Blue Jay Lumber Company, for $1,776.69 with interest as provided by law. It is so ordered.