### LEHIGH PORTLAND CEMENT CO. v. UNITED STATES.

Nos. 41974, 42116.

Court of Claims.

Dec. 4, 1939.

---

[1] No opinion for publication.

Francis R. Lash, of Washington, D. C., (Speer & Ott, of Washington, D. C., on the brief), for plaintiff.

John A. Rees, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, Sp. Assts. to Atty. Gen., on the brief), for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHITAKER, Judges.

LITTLETON, Judge.

The tax and interest of $402,397.79 herein sought to be recovered for 1918 and 1920 were paid in cash and by credit well within the statutory period of limitation within which the tax could be assessed and collected. The credit of $64,423.90, overpayment for 1919, in part satisfaction of the deficiency for 1918 was entered by the collector on his books on June 30, 1926, and the balance of the deficiencies was paid on July 17, 1926. The statutory period of limitation with respect to assessment of the deficiencies for 1918 and 1920 was extended by waivers to December 31, 1926, and by the mailing of the deficiency notice to March 1, 1927, as no appeal was taken to the Board of Tax Appeals.

Plaintiff contends that since the deficiencies for 1918 and 1919 were assessed before the expiration of the period of sixty days following the mailing of the deficiency notice, and contrary to the provisions of section 274(a) of the Revenue Act of 1926, such assessment was void, and the credit of the 1919 overpayment and the payment of the balance of the deficiencies upon receipt of notice and demand from the collector were illegal collections, all of which, it insists, entitles it to recover the amounts with interest in this proceeding as erroneous and illegal collections. Plaintiff also contends that the waivers extending the statutory period of five years for assessment and collection of any deficiencies found to be due for the taxable years in question were conditional upon strict compliance by the Commissioner with all the provisions of section 274(a) and any other provisions of the statutes with reference to assessment and collection of the tax and that, upon the date of the premature assessment, the waivers became, as of the date of their execution, without force and effect as extending the original statutory limitation period of five years with the result that the tax was barred by the applicable statute of limitation at the time it was assessed and collected.

The correctness of the amounts of the deficiencies and interest determined by the Commissioner and paid by plaintiff is not questioned. It is not disputed that plaintiff had a net income upon which the tax collected was imposed by the statute at the rates therein specified.

From the facts, about which there is no dispute, it appears that on April 13, 1926, the Commissioner mailed to plaintiff a notice under section 274(a) of the Revenue Act of 1926 of his determination of deficiencies of $192,117.57 for 1918 and $207,537.94 for 1920. The Revenue Act of 1926 imposed interest upon deficiencies. Upon the mailing of such notice plaintiff was allowed by section 274(a) sixty days thereafter, not counting Sunday as the sixtieth day, within which to file a petition with the United States Board of Tax Appeals for the redetermination of the deficiencies determined by the Commissioner. This section is as follows:

"(a) If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in subdivision (d) or (f) of this section or in section 279, 282, or 1001, no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor if a petition has been filed with the Board, until the decision of the Board has become final. Notwithstanding the provisions of section 3224 of the Revised Statutes the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court. * * *

"(d) The taxpayer shall at any time have the right, by a signed notice in writing filed with the Commissioner, to waive the restrictions provided in subdivision (a) of this section on the assessment and collection of the whole or any part of the deficiency."

In making his determinations for 1918 and 1920 the Commissioner also considered, audited, and determined the tax liability for 1919 and determined an overassessment of $64,423.90 for that year, notice of which was also included in the above-mentioned notice mailed to plaintiff on April 13, 1926. No appeal was allowed to the Board with respect to the determination of the overassessment and no further proceedings were to be had in the Bureau of Internal

Revenue with reference to such overassessment, except the scheduling and the allowance thereof by the Commissioner. By reason of the overassessment having been determined, and for the purpose of carrying out the customary procedure with reference to entering overassessments on a schedule of overassessments and credits as set forth in Finding 10, the Commissioner on May 22, 1926, before the expiration of the 60-day period allowed the plaintiff by section 274(a), supra, within which it might appeal to the Board of Tax Appeals, assessed the additional taxes for 1918 and 1920, together with interest on the 1918 deficiency to the date of assessment. This was not a jeopardy assessment under Section 279. When sending this assessment to the collector, the Commissioner instructed the latter to withhold demand pending comparison of the amounts assessed with the overassessment for 1919. Following the signing of the assessment list the Commissioner on May 28, 1926, signed a schedule of overassessments allowing the overassessment of $64,423.90 for 1919. This overassessment schedule contained fifty-seven separate items of overassessments with reference to various taxpayers, only one of which related to the tax liability of plaintiff. The schedule was received by the collector June 1, 1926, and on June 30, more than sixty days after the deficiency notice had been mailed to plaintiff by the Commissioner, the collector signed the overassessment schedule showing that the overassessment listed thereon was an overpayment and had, on that date, been applied against the additional tax of $192,117.57 determined and assessed for 1918. On the same day the collector signed a schedule of refunds and credits setting forth thereon appropriate entries made on his books with respect to the crediting of the overpayment for 1919 against 1918. This schedule of refunds and credits was returned to the Commissioner and was signed and approved by him on August 20, 1926.

No petition was filed by plaintiff with the United States Board of Tax Appeals with respect to the deficiencies determined for 1918 and 1919. But the making of the premature assessment did not interfere in any way with plaintiff's right to file a petition with the board and prosecute its case to a final decision. No demand was made upon plaintiff by the collector for the payment of the deficiencies within the 60-day period following the mailing of the deficiency notice, and the plaintiff did not,

during such 60-day period, nor at any time thereafter, contest the assessment of May 22 as being invalid or void and no proceeding in court was instituted by plaintiff under section 274(a) to enjoin the making of the assessment by the Commissioner or a collection thereon by the collector.

The collector on July 7, 1926, sometime after the expiration of the 60-day period within which the taxpayer might have filed a petition with the Board of Tax Appeals but which it did not do, mailed to plaintiff a notice and demand for the payment of the balance of the additional tax assessed for 1918 amounting to $127,693.67, together with interest of $2,742.28, to the date of the assessment and also notice and demand for the additional tax of $207,537.94 for 1920. Upon receipt of this notice and demand, the plaintiff on August 17, 1926, paid the tax assessed without specific objection to the assessment as being premature or void. This was about eight months before the expiration of the statutory period of limitation as extended within which the Commissioner was authorized and allowed to assess the deficiencies. The checks issued by plaintiff in payment of the deficiencies each contained a notation "Paid under protest." These checks were transmitted to the collector with a letter from plaintiff advising the collector that the tax was being paid under protest (Finding 8), but no mention was made with reference to the assessment having been prematurely made nor was there indicated any intention specifically to protest the then validity or legality of the assessment or payment. Had any such question been raised or objection made to the regularity or validity of the assessment and collection, the Commissioner could have reassessed the tax at any time within about eight months thereafter.

On August 27, 1926, more than a month following the payment of the deficiencies for 1918 and 1920, the Commissioner delivered to plaintiff a certificate of overassessment showing that the overpayment of $64,423.90 for 1919 had been allowed and credited in part satisfaction of the deficiency assessed for 1918. No interest was paid upon this overpayment for the reason that the due date of the tax against which it was credited was prior to the date of overpayment. Plaintiff knew at the time it paid the deficiencies on July 17, 1926, that this credit had been made. Upon receipt of this certificate of overassessment, plaintiff made no protest or objection

to the credit or to the assessment for 1918 against which it had been applied.

■ The only question which we are called upon to consider and decide in this case is whether an assessment of a tax which is premature under the provisions of section 274(a), Revenue Act of 1926, is void and collection thereon an illegal and void exaction. We do not consider or discuss when, or under what circumstances, an assessment and collection might otherwise be void and enjoined, notwithstanding the provisions of section 3224 of the Revised Statutes, 26 U.S.C.A. § 1543. Upon the facts presented by the record in this case, we are of opinion that the assessment and collection in question were not void and that plaintiff is not entitled to recover for the following reasons:

(1) Plaintiff took no action to enjoin the making of the assessment of May 22, 1926. After the tax had been prematurely assessed, no steps were taken by plaintiff to enjoin action thereon by the collector. Plaintiff was in no wise prejudiced by the assessment and collection.

(2) No action was taken by the collector to collect the deficiencies until after the expiration of. the 60-day period following the mailing of the deficiency notice within which plaintiff might file a petition with the Board of Tax Appeals. No lien was placed upon any property of the plaintiff because of such assessment. No distraint proceeding was begun by the collector.

■ (3) An assessment which is premature under the provisions of section 274(a), Revenue Act of 1926, is not void. If it had been intended that such an assessment should be considered void, there would have been no occasion for Congress to enact the provision making an exception to section 3224 of the Revised Statutes so that a taxpayer might enjoin the making of a premature assessment or might enjoin its enforcement until the procedure outlined in the statute had been completed.

(4) In substance the provisions of section 274(a) of the Revenue Act of 1926 to the effect that no assessment and collection of the deficiency shall be made until a taxpayer has been given an opportunity to appeal to the Board and, if an appeal is taken, until the decision of the Board becomes final were not new. Similar provisions with reference to assessment and collection, after appeal, hearing, and final decision, were enacted in the Revenue Act of 1921 and subsequent acts. The injunc-

tive remedy authorized by section 274(a) was given to a taxpayer as a means of preventing (during the periods mentioned in section 274(a)) that which had often occurred in the past under circumstances in which a taxpayer could not prevent the making of assessment or collection before final adjudication of its tax liability— namely, harassment through the levying of a lien upon the taxpayer's property, demands for payment, or distraint and sale of property to satisfy the assessment, or the giving of a bond.

■ (5) The provisions of section 274 and other provisions of the Revenue Act of 1926 with reference to assessment and collection evidence a clear purpose to limit the taxpayer, if he desires to object to a premature assessment or collection, to the specific remedy provided in section 274(a) if timely invoked, and are inconsistent with the theory that timely action by injunction may be waived and suit thereafter brought to recover the tax solely on the ground that it was prematurely assessed, paid, or collected.

■ (6) The remedy by injunction provided by section 274 (a) of the Revenue Act of 1926, as an exception to the provisions of section 3224 of the Revised Statutes, becomes barred upon the expiration of sixty days after the mailing of the deficiency notice if no petition is filed with the Board and, if a petition is filed with the Board, a proceeding to enjoin collection of a deficiency becomes barred on the date the decision of the Board becomes final in a case in which either party may appeal to the Circuit Courts of Appeals. The injunctive remedy provided by section 274, being an exception to the general provisions of law contained in section 3224, R.S., against enjoining the assessment and collection of a tax, is, under the plain language which grants the remedy, only available to the taxpayer during the period of time specified in the statute for the carrying out of the procedure therein provided.

■ (7) When, as in the case at bar, an assessment prematurely made is not questioned in the manner specified in section 274 (a) and payment is otherwise timely and legally demanded at a time when the Commissioner and the collector are free to act, such assessment and collection cannot be enjoined under the positive provisions of section 3224, R.S. Nor can a taxpayer, who has not appealed to

the Board, recover the tax so paid or collected unless he subsequently files a proper claim for refund and shows that the tax has in fact been overpaid. In such case, or a case where the taxpayer has appealed to the Board and the decision of the Board has become final, or the time has arrived when the Commissioner might make a timely and unobjectionable assessment and collection, sec. 1005 (c), 26 U.S. C.A. § 640 (c) (2), a premature assessment becomes valid for the purpose of collection and its enforcement may not thereafter be enjoined. Even though assessment and collection may be premature, a taxpayer who has or has not appealed to the Board before the expiration of the 60-day period, or when the decision of the Board becomes final, may not thereafter recover the tax by suit on that ground alone. In the first case an overpayment in fact must be shown and, in the second, the decision of the Board is final and no suit is authorized. The taxpayer's sole remedy in such case is either to enjoin the making of the assessment or to enjoin collection thereon until collection may be made under the statute.

Provisions directing that, except in case of jeopardy, the assessment and collection of a deficiency should not be made until the taxpayer had first been notified of such deficiency by registered mail and given an opportunity to appeal, and to have a hearing and a decision made thereon, were first enacted in section 250 (d), Revenue Act of 1921, 42 Stat. 264 and the purpose of those provisions was explained in House Report No. 350, Revenue Act of 1921, p. 14, and Senate Report No. 275, pp. 20, 21, 67th Cong., 1st sess.

In the Revenue Act of 1924 substantially the same provisions were reenacted and continued in section 274 (a), (b), (c) and (d), 43 Stat. 297, with a defined procedure more favorable to the taxpayer in that he was given a right to appeal within sixty days to the Board of Tax Appeals created by section 900, Title IX, of that act, instead of to an agency in the Bureau of Internal Revenue, and to have a public hearing and decision in his case. The time when assessment and collection should be made was postponed until the time for appeal had expired or until the Board had entered its decision. Subdivision (a) of section 274 provided that, except in case of a jeopardy assessment, the Commissioner should notify the taxpayer by registered mail of a deficiency

determined by him, as had previously been the rule, and the taxpayer, instead of having thirty days within which to protest and appeal to an agency designated by the Commissioner, which had previously been the Committee on Appeals and Review in the Bureau of Internal Revenue, should have sixty days after the mailing of such notice within which to appeal to the Board of Tax Appeals created and established as an independent agency in the Executive Branch of the Government as an impartial tribunal to adjudicate questions concerning taxes between the taxpayer and the Government. Subdivision (b) provided that when the Board had rendered its decision the amount so determined by the Board should be assessed and paid upon notice and demand from the collector but that no amount determined as a deficiency by the Commissioner, but disallowed by the Board, could be assessed, but that the Commissioner might institute a proceeding in court, without assessment, for the collection of any amount of a deficiency determined by him, but disallowed by the Board, if he desired to do so, provided such suit was begun within one year after the final decision of the Board. Under these subdivisions the Commissioner was not authorized to make an assessment or to collect the deficiency, except in the case of jeopardy, until the expiration of sixty days allowed for appeal to the Board, or, if an appeal was filed with the Board, until the Board's decision had been entered. But no right to enjoin the making of a premature assessment or collection thereon was given.

Under the 1924 Act there was no right of a direct appeal from a decision of the Board to a Circuit Court of Appeals, but under other provisions of the 1924 Act the taxpayer, if dissatisfied with the decision of the Board, was authorized to file a claim for refund and, upon its disallowance by the Commissioner, to bring suit in court to recover, in whole or in part, the deficiency determined by the Board. Subdivision (c) of section 274 of the 1924 Act provided, as did section 274 of the 1926 Act, that if a taxpayer, in respect of whose tax a deficiency had been determined by the Commissioner, did not file an appeal with the Board within sixty days after the mailing of a deficiency notice, the deficiency determined by the Commissioner should then be assessed and should be paid upon notice and demand

from the collector. Section 277 of the 1924 Act suspended the running of the statute of limitation as to assessment because of the provision giving the taxpayer a right to appeal to the Board and to have a decision in his case before being required to pay the tax and because of the provision that the tax should not be assessed and collected until the Board had entered its decision in the case. The first suspended period was 60 days and the second for the number of days between the date of mailing of such notice and the date of the final decision by the Board. Subdivision (d) of section 278 of the 1924 Act provided, as did a similar provision in the 1926 Act, 44 Stat. 59, that a tax assessed within the period prescribed in section 277, or within such period as extended by a waiver, might be collected within six years after such assessment provided such assessment or collection was not barred on June 2, 1924.

The reasons for the provisions with reference to withholding assessment and collection of a deficiency until after the taxpayer had had an opportunity to appeal to the Board of Tax Appeals and, if an appeal was filed, until he had been heard and until the decision of the Board had been entered were explained by the Committee on Ways and Means in House Report 179 on the Revenue Bill of 1924, 68th Cong., 1st sess., pp. 7 and 8, relating to the Board of Tax Appeals, and pp. 24, 25, and 26 relating to sections 274 and 277 concerning assessment and collection. See, also, Report No. 398 of the Senate Finance Committee, 68th Cong., 1st sess., pp. 30–32, 42.

Although the Revenue Acts of 1921 and 1924 provided that, except in case of jeopardy, assessment and collection of a deficiency should not be made until the taxpayer had been given an opportunity to be heard and to have a final decision made in the case, it is shown by the early decisions of the Board of Tax Appeals that the Commissioner sometimes did make premature assessments but that in the case of such assessments, where the final determination by the Commissioner with respect to the tax was subsequently made as to taxes imposed by an act prior to the Revenue Act of 1924, the taxpayer might appeal to the Board from such final decision. Appeal of Ormsby McKnight Mitchell, 1 B.T.A. 143; Appeal of California Associated Raisin Company, 1 B.

T.A. 314; Appeal of Terminal Wine Company, 1 B.T.A. 697, 698. In Appeal of Northwestern Mutual Life Insurance Company, 1 B.T.A. 767, the Board held that an appeal properly filed and pending lapsed when the taxpayer paid the tax determined by the Commissioner as a deficiency. In that case the Board held that after the right of appeal had vested under section 274 of the 1924 Act the Commissioner could not oust the Board of jurisdiction by the act of assessment; that one of the parties might not take a step which, adversely to the other party and without his consent, would deprive him of his opportunity to be heard. But it was further held that when the taxpayer did not stand upon his right to have an adjudication before payment but chose to pay the tax, there was nothing left for the Board to decide inasmuch as it did not have jurisdiction under the 1924 Act to determine overpayments. The Board also pointed out that the Commissioner did not seek to deprive the taxpayer of his right to appeal nor was the taxpayer, in that case, forced involuntarily to make payment. See also Appeal of Camden & Burlington County Railway Co., 3 B.T.A. 602, and Appeal of Dickerman & Englis, Inc., 4 B.T.A. 447. It was for this reason that the provisions of subdivision (d) of section 274 of the Revenue Act of 1926 were enacted. In that subdivision it was provided that the taxpayer should, at any time, have the right, by a signed notice in writing filed with the Commissioner, to waive the restrictions provided in subdivision (a) on the assessment and collection of the whole or any part of the deficiency. In addition this right was extended to the taxpayer in order that he might pay the tax at any time and save interest on the deficiency without losing his right to appeal to the Board of Tax Appeals. See Senate Report No. 56 on the Revenue Bill of 1926, 69th Cong., 1st sess., p. 27.

With this background the purpose and intent of the enlarged provisions of section 274 and other sections of the Revenue Act of 1926, hereinafter mentioned and under which this case arose, can be better understood.

Title X, sec. 1000 of the Revenue Act of 1926, 26 U.S.C.A. § 600 et seq. continued the Board of Tax Appeals and enlarged its authority and jurisdiction for the reasons as set forth in Report No. 1

of the Ways and Means Committee on the Revenue Bill of 1926, 69th Cong., 1st sess., pp. 17-21, and Report No. 52 of the Senate Committee on Finance, 69th Cong., 1st sess., pp. 25-28 and 31-38. Section 274 (a) of the 1926 Act reenacted the provisions of the 1924 Act with reference to the mailing by the Commissioner of a notice of his determination of a deficiency and with reference to the right of the taxpayer to file a petition with the Board of Tax Appeals. The provisions contained in prior revenue acts with reference to the right of a taxpayer to notice and an opportunity to appeal and have a final decision in his case, and as to the payment of the tax, were expressed in more positive terms in subdivision (a) of section 274 of the Revenue Act of 1926, but there is nothing in the provisions of that or other sections to justify the conclusion that Congress intended that a premature assessment should be absolutely void. A study of such provisions convinces us that it was not so intended. The language of subdivision (a) is, with certain exceptions not material here, that "no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final." Then follows the provision that "Notwithstanding the provisions of section 3224 of the Revised Statutes the *making of such assessment* or the *beginning* of such proceeding or *distraint during the time* such prohibition is in force *may be enjoined* by a proceeding in the proper court." (Italics supplied.) If it had been intended that an assessment, payment, or collection made before the expiration of the period specified should be void and of no effect, there would have been no necessity for the provision giving the taxpayer a right to enjoin the making of an assessment, or, if made, to enjoin collection during the period mentioned. It would have been an easy matter for Congress, had it intended that a premature assessment should be void, to simply so state and we think it is clear that if Congress had so intended it would have used language sufficiently clear not to be misunderstood.

It will be seen from what has hereinbefore been stated that the provision of section 274 just quoted with reference to when assessment and collection should be made was, in substance, the same as the provision contained in the Revenue Acts of 1921 and 1924. In view of the experience under similar provisions in prior acts and in order that a taxpayer might have some means of protecting himself against premature assessments, the levying of liens upon his property, premature demands for payment, distraint and sale of property, or proceedings in court, the Congress authorized suit for an injunction until the time for collection had arrived. See House Report No. 1, p. 10, and Senate Report No. 52, p. 26, supra, 69th Cong., 1st sess. The language of the sentence relating to an injunction makes it clear, we think, that this remedy was to be available to the taxpayer only "during the time" during which the statute directed that the tax should not be assessed or collected. This provision giving the taxpayer a remedy by which he could protect his right to an adjudication of his tax liability by the Board prior to payment was inserted in the 1926 Act by the Senate Finance Committee and that committee stated, at p. 26 of its report No. 52, supra, that "The bill, therefore, contains in section 274 (a) a provision that despite section 3224 of the Revised Statutes (which prohibits injunctions to restrain the assessment or collection of the tax) the taxpayer may in a proper case go into court for an injunction to restrain the commissioner *from assessing* or *collecting* a deficiency *until the procedure outlined in the bill has been completed.* It is the purpose of the bill that all questions arising prior to the time the decision of the board has been rendered as to the right of the commissioner to assess and collect the tax, * * * shall be determined by the board and by the courts on appeal from the board." [Italics supplied.]

Subdivision (b) of section 274 of the 1926 Act provided that if the taxpayer filed a petition with the board, the deficiency redetermined by the board in a decision which had become final should be assessed and paid upon notice and demand from the collector, but that no part of a deficiency disallowed by the board might be collected by assessment, distraint, or a proceeding in court. Subdivision (c) provided that if a taxpayer did not file a petition with the board within sixty days after the mailing of the deficiency notice,

the deficiency determined by the Commissioner should be assessed and paid upon notice and demand from the collector. In subdivision (d) of section 284 of the 1926 Act, 44 Stat. 66, the board was given jurisdiction to determine whether or not the taxpayer had overpaid its tax in respect of any year before the board for which the Commissioner had determined a deficiency. For the first time the Revenue Act of 1926 imposed interest upon a deficiency in tax from the date of enactment of the act on February 26, 1926, to the date of assessment of the deficiency. By reason of this fact and the fact as hereinbefore stated, that the Board of Tax Appeals had held that a payment of a deficiency in whole or in part deprived it of jurisdiction to the extent of such payment, it was provided in subdivision (d) of section 274 that the taxpayer should have the right at any time to waive restrictions upon assessment and collection. See House Report No. 1, p. 27. In view of these reasons section (d) cannot be construed as indicating an intention to make a premature assessment or collection absolutely void in the absence of written consent by the taxpayer.

Section 1005 of the 1926 Act specified that the decision of the board should become final on one of several dates depending upon whether the taxpayer or the Commissioner filed an appeal from the decision of the board and the action of the appellate courts thereon. Section 284 (d) of the 1926 Act specifically provided that when a taxpayer to whom a deficiency notice had been mailed under section 274, and who had appealed to the board, might, under certain circumstances, institute suit with respect to such deficiency. This section, however, expressly prohibits the making of any credit or refund in respect of the tax determined by the board to be due for the year for which the Commissioner determined the deficiency and states that no suit by the taxpayer for the recovery of any part of such tax may be instituted in any court, except in the cases specified, none of which are applicable here. In none of the cases mentioned in the statute in which a suit may be brought where an appeal has been taken to the board is the taxpayer, either expressly or impliedly, given a right to recover a tax determined by the board on the ground that such deficiency was prematurely assessed or paid even though the taxpayer had not waived in writing the restrictions provided in section 274 (a) upon assessment and collection. The provisions of subdivision (d) of section 274 added nothing to the provisions of subdivision (a) of that section. It had a distinct purpose which was fully explained by the Congressional Committees.

So far as concerns a premature assessment or an attempted collection before the date on which the Commissioner and the collector are free to assess and collect under the provisions of sections 274 and 1001 (c), 44 Stat. 109, 26 U.S. C.A. § 644, the injunctive remedy given to the taxpayer by section 274 (a) is exclusive, and the period of limitation within which a taxpayer may question such assessment by a proceeding to enjoin a premature assessment or attempted collection expires on the arrival of the date when, under the provisions mentioned, assessment or collection can be made or enforced. The right to enjoin the making of a premature assessment or collection by distraint or otherwise exists only for the period during which sections 274 (a) and 1005 (c) specify that no assessment or collection should be made. Since the right to obtain an injunction was given to the taxpayer in order that he might protect himself against being compelled to pay deficiencies before the procedure outlined in the statute had been completed, there would seem to be no basis for the conclusion that when that remedy is not timely invoked a premature assessment, payment, or collection of a deficiency of which the taxpayer has been duly notified should be held to be void. For the same reasons a timely collection, although on a premature assessment, is not void. Since the right to institute a proceeding to enjoin a premature assessment or collection was a privilege extended to the taxpayer, it may be lost by failure seasonably to assert it. It is well settled that a statutory provision may be waived by one for whose benefit it was enacted or intended and such a waiver may as effectively be accomplished negatively by failure timely to invoke the remedy given or positively by an express consent. In legal contemplation the one is as effective as the other. The court must attach to the conduct of the taxpayer consequences consistent with the obvious policy underlying section 274 (a). If the taxpayer does not pursue the remedy given him to prevent collection until the procedure outlin-

ed in the statute with reference to appeal to the Board of Tax Appeals is completed, he cannot afterwards complain.

In the case at bar the assessment of the deficiencies for 1918 and 1920 was premature since the assessment list sent to the collector by the Commissioner was signed before the expiration of the period of sixty days following the mailing of the deficiency notice, but their payment was timely and legal inasmuch as plaintiff did not file a petition with the Board of Tax Appeals and payment was not made until after the expiration of such sixty-day period. The collector made no demand for payment of the tax and took no steps to require the taxpayer to pay any portion thereof until after the expiration of the sixty days from the mailing of the deficiency notice. The credit entries applying the 1919 overpayment against the 1918 deficiency were not made until after the expiration of such 60-day period. We have held that a timely collection is not illegal because the assessment may have been irregular or not strictly in conformity with the statute. John Muir v. United States, 3 F.Supp. 619, 78 Ct.Cl. 150; Mahoning Investment Co. v. United States, 3 F.Supp. 622, 78 Ct.Cl. 231; Pioneer Coal & Coke Co. v. United States, 14 F.Supp. 661, 83 Ct. Cl. 200, 217, 218; Anderson et al. v. United States, 15 F.Supp. 216, 83 Ct.Cl. 561, 578; Combined Industries, Inc. v. United States, 15 F.Supp. 349, 83 Ct.Cl. 613; Blue Jay Lumber Co. v. United States, 27 F. Supp. 707, 89 Ct.Cl. 66. See, also, Van Antwerp v. United States, 9 Cir., 92 F.2d 871.

Since the revenue laws, R.S., sec. 3182, Act of 1864 U.S.C. secs. 1530, 1531, Tit. 26, 26 U.S.C.A. §§ 1530, 1531, give the Commissioner jurisdiction and authority to assess all taxes, an error or irregularity as to the procedure or time of making an assessment will not render it void any more than an error or irregularity in the proceeding of a court having jurisdiction will render its judgment void. See Delaware Railroad Co. v. Prettyman, Fed.Cas.No.3767; Kensett v. Stivers, C. C., 10 F. 517. A premature assessment or collection of a tax cannot be regarded as having the same effect or as giving a taxpayer the same right to recover it as an assessment or collection after the expiration of the statutory period of limitation allowed for assessment and collection. And provisions to the effect that the Commissioner shall not assess or collect a deficiency during a certain period, or periods, of time within the statutory period of limitation for assessment or collection, and which give the taxpayer a specific and adequate remedy if a premature assessment, or attempted collection, is made, cannot be construed as repealing the Commissioner's jurisdiction to assess or as rendering void the Commissioner's act of assessing or collecting. Section 1009, Title X, Revenue Act of 1924, 43 Stat. 341 and section 1109 (a) (1), (2), and (3) Title XI, Revenue Act of 1926, 44 Stat. 114, now in force, in fixing the limitation periods specified in those sections and in sections 277, 278, 310, and 311 beyond which a tax might not be assessed or collected by distraint or suit, expressly terminated and took away the jurisdiction and authority under section 3182, R.S., of the Commissioner and the collector to assess and collect.

Plaintiff in support of its contention that the premature assessment was void and that collection thereafter pursuant to such assessment was likewise illegal and void relies upon the decisions in Ventura Consolidated Oil Fields v. Rogan, 9 Cir., 86 F.2d 149, 151–160; United States v. Yellow Cab Co., 7 Cir., 90 F.2d 699–701, and United States v. Barber et al., D.C., 24 F.Supp. 229.

In the first-mentioned case it appears that the Commissioner determined deficiencies for 1920 to 1923, inclusive, and on September 4, 1929, mailed to the taxpayer by registered mail a notice of his determination of the deficiencies in accordance with adjustments to which the taxpayer had agreed in conference, and, in the deficiency notice it was stated that, inasmuch as it was believed that the computation of the tax liability for the years mentioned would be satisfactory and that the taxpayer would desire definitely to close the case as promptly as possible, the taxpayer was requested to execute Form 866 entitled "Agreement as to Final Determination of Tax Liability," which form was used for the purpose of finally closing a case under the provisions of section 606 of the Revenue Act of 1928, 26 U.S.C.A. § 1660. The taxpayer was satisfied with the correctness of the deficiencies so determined by the Commissioner in this notice and on October 11, 1929, signed and filed with the Commissioner's office the agreement, Form 866. This closing agreement was not executed by the Commissioner or by the Secretary of the Treasury for

the apparent reason, in view of what the Commissioner subsequently did, that the Commissioner came to the conclusion that an error had been made in the determination of the deficiencies for certain of the years with respect of which the taxpayer had been notified by registered mail on September 4. The period of sixty days following the mailing of the notice of September 4, 1929, expired on November 4. On November 2, 1929, two days before the expiration of such period, the Commissioner assessed the deficiencies so determined for the years 1920–1923, inclusive. It does not appear from the reported facts whether or not at the time of assessment the Commissioner had discovered the error in the first determination as to 1920 and 1921. The reported facts do not disclose what action, if any, the collector took on the assessment of November 2, 1929, prior to institution by the taxpayer, apparently in 1932, of a proceeding in the District Court to enjoin the collection of the deficiencies so assessed. The taxpayer did not file a petition with the Board of Tax Appeals for a redetermination of the deficiencies for 1920 to 1923, inclusive, as determined by the Commissioner and set forth in the registered notice mailed by him on September 4, 1929.

Thereafter, on March 29, 1930, the Commissioner after further consideration of the tax liability of Ventura Consolidated Oil Fields for 1920 and 1921, in connection with his consideration of plaintiff's liability for 1919, determined that an error had been made in his prior determination of September 4, 1929, with respect to deficiencies due for the years 1920 and 1921. Thereupon he made an additional determination of the correct deficiencies for 1920 and 1921 which were $214,687.48 and $100,223.75, respectively, in excess of the deficiencies previously determined and of which the taxpayer had been notified. On that date, March 29, 1930, the Commissioner notified the taxpayer of his final determination of its correct tax liability for 1919, 1920, and 1921 and of the deficiencies first determined and assessed and also, of the additional deficiencies for 1920 and 1921 above mentioned. The Commissioner was authorized to make and mail notice of this second determination since the taxpayer had taken no appeal from the first determination. See section 274 (f) of the Revenue Act of 1926. Upon receipt of this deficiency notice of March 29, 1930, the taxpayer filed a petition with the Board of Tax Appeals contesting the correctness of the Commissioner's determination for 1920 and 1921. Upon this appeal the jurisdiction and authority of the board and the appellate courts extended not only to the amount of the additional deficiencies last determined by the Commissioner, but to the entire tax liability including the original tax paid upon the returns and the deficiencies, for 1920 and 1921 first determined by the Commissioner in the notice of September 4, 1929, and assessed on November 2, 1929. Thereafter, on July 13, 1931, the taxpayer agreed to the correctness of the tax liability determined by the Commissioner for 1920 and 1921, which amount included the deficiencies determined September 4 and assessed November 2 and, also, to the correctness of the additional deficiencies determined by the Commissioner in his second determination of March 29, 1930. A stipulation by the parties to that effect was filed with the Board of Tax Appeals and the Board accordingly entered its decision approving the deficiencies as determined by the Commissioner. In this stipulation the taxpayer stated that it contended that the assessment of November 2 was illegal and that by stipulating the correctness of the tax liability which included the deficiency so assessed and the correctness of the deficiencies determined on March 29, 1930, it did not admit that the assessment of November 2, 1929, was valid. The second, or additional, deficiencies of $214,687.48 and $100,223.75 determined by the Commissioner for 1920 and 1921 on March 29, 1930, were assessed and paid subsequent to the decision of the Board of Tax Appeals and were not involved in the proceeding for an injunction subsequently instituted by the taxpayer.

Although the reported facts do not definitely show, it would appear that the collector took no action to collect the deficiencies for the years 1920 to 1923, inclusive, first determined by the Commissioner until the additional deficiencies determined on March 29, 1930, were finally determined by the Board and assessed, and when demand was made by the collector for payment of the deficiencies determined on September 4, and assessed on November 2, 1929, the taxpayer instituted a proceeding in the District Court praying an injunction under section 274(a), Revenue Act of 1926, restraining the collector from collecting, or attempting to collect, the deficiencies so assessed on the ground that

the assessment having been prematurely made was void; that the notice which the Commissioner mailed to the taxpayer on September 4, 1929, disclosing his determination of these deficiencies was not a proper deficiency notice under section 274 (a), and that the registered notice of March 29, 1930, was not a deficiency notice as to the first deficiencies for 1920 and 1921. The injunction proceeding instituted by the taxpayer was begun after the expiration of the statutory period of limitation as extended by waivers within which the Commissioner might assess the tax. But under section 278(d) and section 1109(a) (3), Revenue Act of 1926, 44 Stat. 114, 26 U.S.C.A. § 1432(d), giving six years after assessment to collect the government insisted legal collection could be made.

The District Court dismissed the suit— Ventura Consol. Oil Fields v. Welch, 6 F.Supp. 327, 331. The Circuit Court of Appeals, by a divided court, held, first, that the registered notice of September 4, 1929, was not a proper deficiency notice under the provisions of section 274(a); second, that if it was a notice of the deficiencies from which the taxpayer might have appeal to the Board of Tax Appeals within sixty days, or if the letter of March 29, 1930, from which an appeal was taken, was a notice of the deficiencies first determined for 1920 and 1921, collection of the deficiencies first determined should be permanently enjoined for the reason that such deficiencies had been assessed before the expiration of sixty days following the mailing of the first notice and before the mailing of the second notice; that such assessment was therefore void and of no effect and that no legal collection could be made thereon at any time.

In the case of the United States v. Yellow Cab Co., supra, it appears from the original record before the Circuit Court of Appeals that the Commissioner made a final determination in respect of the tax liability of the Yellow Cab Company for 1924, 1925 and 1926, and on December 30, 1929, one day before the expiration of the statute of limitation as extended by waiver, mailed to the taxpayer a registered deficiency notice from which the taxpayer was entitled to appeal to the Board of Tax Appeals. A waiver of the statute of limitation which the taxpayer had filed provided that if a deficiency notice was mailed before December 31, 1929, the limitation period for assessment and collection should

then be further extended as provided by statute. The taxpayer filed a petition with the Board of Tax Appeals on February 27, 1930. Paragraph 3 of the petition filed with the board stated that the taxes in controversy were for the calendar years 1924, 1925, and 1926, for which the Commissioner had determined deficiencies, but the only errors alleged in the petition to have been committed by the Commissioner in his determination were stated specifically as concerning only the years 1925 and 1926; and no error was alleged in the petition before the Board and no statement of fact was made therein asserting in any way that the deficiency determined by the Commissioner for 1924 was contested or was, in any wise, incorrect. On March 15, 1930, while this petition was pending before the board, the deficiency for 1924, which the Commissioner had determined, was assessed with accrued interest to the date of assessment. On March 29, 1930, the collector mailed to the taxpayer notice and demand for the deficiency, and interest, for 1924. Immediately upon receipt of this notice and demand the taxpayer advised the collector that the deficiency for 1924 was not properly payable since the proceeding before the Board of Tax Appeals covering the deficiency for 1924 was still pending and that no final order or decision with respect thereto had been made by the board. Thereupon the collector took no further steps to collect the deficiency until October 7, 1930. In the meantime, on April 14, 1930, the Commissioner filed with the Board of Tax Appeals a motion to dismiss the petition, insofar as it related to the year 1924, for the reason that it contained no assignment of error nor any allegation of fact with respect to the year 1924. This motion of the Commissioner came on for hearing before the board on June 18, 1930, and no objection was made to the motion and no appearance was made on behalf of the taxpayer. On the following day the board entered its decision granting the motion to dismiss as to 1924 on the grounds stated therein and finding a deficiency for that year in the exact amount determined by the Commissioner. Thereafter, on October 7, 1930, the collector sent to the taxpayer a notice and demand for the payment of the deficiency for 1924 which had theretofore been assessed on March 15, 1930. No response or communication was received by the collector from this notice and demand and on October 27, 1930, he sent to the

taxpayer another notice and demand for payment of the 1924 deficiency and interest to the date of assessment. On the same date, to-wit, October 27, 1930, the taxpayer paid the deficiency for 1924, together with interest, under written protest stating that the tax and interest were being paid to avoid penalties and distraint on property and declaring, in the same protest, that "the assessment of said tax and demand for payment and enforcement thereof are unlawful."

The taxpayer in the Yellow Cab case did not at any time apply to any court for an injunction to restrain the collector from collecting, or attempting to collect, the deficiency for 1924 prior to a date six months after entry of the decision of the Board dismissing the petition as to such year. Thereafter, on February 26, 1934, more than three years after payment the Yellow Cab Company, after filing a claim for refund, brought suit in the District Court for the Northern District of Illinois to recover the deficiency and interest paid for 1924 on the sole ground that the assessment of March 15, 1930, was void and that collection on the basis thereof was likewise illegal and void. The District Court and the Circuit Court of Appeals for the Seventh Circuit held, first, that notwithstanding the provisions of Section 284(d) (1), (2), and (3), Revenue Act of 1926, and the fact that the taxpayer had appealed to the Board of Tax Appeals, the District Court had jurisdiction to entertain the suit and enter judgment for recovery of the tax; and, second, that the premature assessment was void and collection thereunder was illegal and, therefore, recoverable, notwithstanding the taxpayer took no steps to enjoin the making of the assessment or to enjoin the collection of the tax prior to a date six months after the entry by the board of its decision dismissing the taxpayer's petition and determining the deficiency sought to be recovered.

The case of United States v. Barber et al., D.C., 24 F.Supp. 229, was a suit in equity by the United States against Barber and others to impress a trust on the property of the defendant alleged to have been fraudulently received by them from a corporation against which the Commissioner had determined an income-tax deficiency for 1929. From the facts in this case it appears that the Commissioner determined a deficiency in respect of the tax of the Finance and Audit Corporation for 1929 and, on March 7, 1932, mailed to that taxpayer

a registered notice of the deficiency in accordance with section 274(a) of the Revenue Act of 1926. The taxpayer was allowed by statute sixty days, not counting Sunday as the sixtieth day, in which to file a petition with the Board of Tax Appeals. The sixtieth day of the period did not fall on a Sunday and the taxpayer did not file a petition with the board within the 60-day period specified in section 274(a) but filed its petition on the sixty-first day. On May 21, 1932, the Commissioner assessed the deficiency and interest thereon to date of the assessment because the taxpayer had not filed its petition with the board within sixty days. In due course, on July 22, 1932, the Board of Tax Appeals dismissed the petition for lack of jurisdiction because it had not been filed within the 60-day period as provided by the statute. On some date not disclosed by the reported facts, but apparently after the board had dismissed the petition for lack of jurisdiction, the collector sent to the corporation taxpayer notice and demand for payment of the deficiency, to which no response of any kind was made. Subsequently the collector issued a warrant of distraint against the corporation but no collection was made thereon for the reason that no property of the corporation could be found to satisfy the distraint warrant. The taxpayer corporation was dissolved April 1, 1933, and passed out of existence under the laws of the State of Delaware on March 31, 1936. Thereafter the suit by the Government was instituted in the District Court for Maryland. The defendants moved to dismiss the suit on the ground that assessment of the tax by the Commissioner on May 21, 1932, while a petition by the taxpayer was pending before the Board of Tax Appeals, was void. Other grounds in support of the motion to dismiss were alleged but they were either overruled by the court or held not to be important in the decision reached.

Upon the facts above stated the court held that the assessment of May 21, 1932, was void and could not be made the basis of a suit against the defendants who were alleged to have fraudulently received the property of the corporation against which the assessment had been made. In none of the three cases above-mentioned was the assessment involved a jeopardy assessment.

Plaintiff also relies upon the decision in the case of American Equitable Assurance Co. v. Helvering, 2 Cir., 68 F.2d 46, but the decision in that case is not in point for the reason that the court held that the assess-

ment involved was justified as a jeopardy assessment.

■ For the reasons hereinbefore stated, we are of opinion that an assessment regularly made and correct in amount is not absolutely void merely because it is premature; that where a taxpayer, in respect of whose tax liability a premature assessment of a deficiency is made, does not proceed under the authority of the provisions of section 274(a) of the Revenue Act of 1926 to enjoin collection by notice and demand, distraint, or otherwise, until the expiration of the 60-day period or until a date six months after the entry of a deficiency judgment by the Board of Tax Appeals, it cannot subsequently enjoin collection or recover the deficiency so assessed which has not been in fact overpaid. The provisions of section 3224, Revised Statutes, then become applicable. We are therefore unable to concur in the conclusion of the courts in the cases mentioned that a premature assessment is void; that no collection can at any time, or in any manner, be legally made thereon; and that the taxpayer may enjoin collection at any time or waive his right to enjoin collection during the period prior to the expiration of the 60-day period, or the expiration of the period between date of the mailing of the deficiency notice and a date six months after the entry by the board of its decision, and thereafter maintain a suit to recover the tax. We think the statute does not give a taxpayer an election of remedies. Congress gave the taxpayer a specific remedy, but that remedy cannot be extended beyond the period for which it was provided, nor, if it is not invoked, can it be later converted into a suit to recover the tax. Compare Rock Island, Arkansas & Louisiana Railroad Co. v. United States, 254 U.S. 141, 143, 41 S.Ct. 55, 65 L.Ed. 188.

■ Courts of equity have always refused their aid where the party seeking it has slept on his rights, or by long silence has indicated acquiescence. Nothing can call forth a court of equity into activity but conscience, good faith, and reasonable diligence.

The provision in section 274(a) which carved out of section 3224, Revised Statutes (enacted March 2, 1867), an exception in favor of a taxpayer for injunctive relief under certain circumstances and during a certain period of time was purely a matter of policy. It was inserted from notions of expediency and must be tested by the same considerations; when so tested, it is clear that such provision was only one of many statutory provisions, all of which were for the main purpose of protecting the revenues and, at the same time, providing an orderly procedure for adjudication in the manner authorized before payment should be required. Harmless procedural errors or deviations from the general plan which work no hardship upon the taxpayer, or to which he does not object in the manner specified in the statute, nor which in any way deprive him of any of the substantive rights, privileges, or protection afforded and intended to be secured by the plan outlined, cannot be made the basis for avoiding the payment of a just tax because the taxpayer did not at any time avail himself of the specific remedy given which, if invoked, would go not to the validity of the tax nor the right to collect it, but only to the time when it may be collected.

■ We find no merit in the second contention that the waivers of the statute of limitation filed by plaintiff were rendered ineffectual by the premature assessment. The tax here sought to be recovered was paid after the expiration of the 60-day period following the mailing of the deficiency notice (no petition having been filed with the board), and notice and demand for payment of the deficiencies was not given until after the expiration of such period. The original statutory period of limitation expired before the deficiency notice was mailed and before the premature assessment was made. The waivers filed extended such original statutory period to December 31, 1926, and for a further period of sixty days if a deficiency notice should be mailed prior to December 31, 1926, and also for a further period to a date on which the decision of the board should become final if a petition should be filed with the board. The revenue statutes have for many years provided for the filing of waivers of the statute of limitation. Although waivers filed subsequent to the enactment of the Revenue Act of 1924 have contained provisions with reference to the last two periods above mentioned, such provisions add nothing to the provisions of sections 277 and 278 of the Revenue Acts of 1924 and 1926, 43 Stat. 299 and 44 Stat. 58. Inasmuch as the deficiency notice in the case at bar was mailed prior to December 31, 1926, during the first period covered by waivers, the Commissioner had the benefit under the provisions of sections 277 and

234

278 of the second periods even if the waiver had made no reference thereto because the limitation period, as extended by the waivers to December 31, 1926, still remained the statutory period of limitation and the deficiency notice was mailed and the tax was paid within that period. A statute must be construed with reference to its objects and the statutory provisions with reference to determination, appeal, assessment, and collection must be read into a waiver extending the limitation period. The situation, so far as the waivers filed by plaintiff are concerned, is therefore the same as if the Commissioner had made his determination, mailed the deficiency notice, and made the assessment and collection within the original statutory period of five years after the returns for the years 1918 and 1920 were filed.

Plaintiff is not entitled to recover and the petitions are dismissed. It is so ordered.